UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Concord Hospital, Inc.

v.

Civil No. 23-cv-486-LM
Opinion No. 2025 DNH 035 P

NH Department of Health and Human Services, et al

**O R D E R**

Plaintiff Concord Hospital, Inc. ("Concord Hospital") brings this action for declaratory and injunctive relief against the Secretary for the United States Department of Health and Human Services, the Administrator for the Centers for Medicare & Medicaid Services, and the Centers for Medicare & Medicaid Services (collectively, "the Federal Defendants"), as well as the Commissioner of the New Hampshire Department of Health and Human Services ("the Commissioner"). Concord Hospital asserts one claim (Count V) against the Federal Defendants, contending that they violated the Administrative Procedures Act ("APA") by improperly approving New Hampshire's Medicaid state plan for fiscal years 2011 through 2017.[1]

[1] The complaint originally contained a total of 5 counts: Counts I-IV against the Commissioner and Count V against the Federal Defendants. The court has issued a previous order in this case. Concord Hospital, Inc. v. N.H. Dep't of Health and Hum. Servs., 743 F. Supp. 3d 325 (D.N.H. 2024). In its previous order, the court granted the Commissioner's motion to dismiss Counts I and III but denied it as to Counts II and IV. Id. In that same order, the court granted Concord Hospital's motion for a preliminary injunction. Id. at 365.

Presently before the court is the Federal Defendants' motion to dismiss. Doc. no. 44. The Federal Defendants move to dismiss for lack of standing under FED. R. CIV. P. 12(b)(1). Alternatively, the Federal Defendants ask for dismissal pursuant to FED. R. CIV. P. 12(b)(6) on grounds that Concord Hospital's claim is time-barred and fails to state a legal claim for relief. For the following reasons, the Federal Defendants' motion to dismiss (doc. no. 44) is granted.

**BACKGROUND[2]**

The facts of the case are thoroughly summarized in this court's order of August 5, 2024. Concord Hospital, 743 F. Supp. at 336-41. The court summarizes here only the facts relevant to the present motion to dismiss.

This suit arises from the Commissioner's attempt to recoup $8 million in "disproportionate share hospital" ("DSH") payments made to Concord Hospital from 2011 through 2017. Concord Hospital subsequently filed this lawsuit against the Commissioner (Counts I-IV) and the Federal Defendants (Count V).

Count V alleges that the Federal Defendants violated the APA, 5 U.S.C. § 706(2)(A), because they approved New Hampshire's Medicaid plan in effect from 2011 through 2017 despite the fact that they did not meet the requirements of the Medicaid Act found in 42 U.S.C. §§ 1396a(a)(13)(A) [hereinafter "Section (13)(A)"] and 1396r-4(a)(2)(D) [hereinafter "Section (2)(D)"]. The Federal Defendants now move to dismiss Count V.

---

[2] The background facts are taken from Concord Hospital's complaint. They are not in dispute.

## DISCUSSION

I. Concord Hospital Plausibly Alleges Standing

Because the Federal Defendants assert that Concord Hospital lacks Article III standing, the court must address standing before reaching the merits. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). Where a defendant's 12(b)(1) motion, as here, challenges the sufficiency (rather than the accuracy) of the complaint's jurisdictional facts, the standard of review is the same as the Rule 12(b)(6) standard. Concord Hospital, Inc., 743 F. Supp. 3d at 335.

Under the familiar Rule 12(b)(6) standard, the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68, 71 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

Although the First Circuit holds that the Rule 12(b)(6) plausibility standard ordinarily "does not apply to a complaint for judicial review of final agency action,"

Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013),[3] the Circuit recognizes an exception where the government alleges that the plaintiff's claim is legally flawed, id. at 76 n. 4. The Federal Defendants here argue that Count V is legally flawed. As such, the court applies the 12(b)(6) standard to decide the standing question.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art III § 2. "The doctrine of standing emanates from the case-or-controversy requirement; it 'developed . . . to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" Freeman v. City of Keene, 561 F. Supp. 3d 22, 30 (D.N.H. 2021) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)) (alteration in Freeman). To establish Article III standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

In cases where a plaintiff's asserted injury arises from allegedly unlawful government regulation, causation and redressability are normally established by the regulated third-party's response to the government action. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561-62 (1992). The plaintiff bears the burden of showing that

[3] This is in contrast with courts elsewhere. In the D.C. Circuit for example, courts "regularly review motions to dismiss APA actions under the plausibility standard." Asante v. Azar, 436 F. Supp. 3d 215, 222 n. 2 (D.D.C. 2020).

the regulated party's decisions have been or will be made "in such manner as to produce causation and permit redressability of injury." Id. at 562. Standing may be established in such cases "where the record presents substantial evidence of a causal relationship between the government policy and the third-party conduct, leaving little doubt as to causation and likelihood of redress." Const. Party of Penn. v. Aichele, 757 F.3d 347, 366 (3d Cir. 2014) (citation and alteration omitted).

Importantly, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." Hochendoner v. Genzyme Corp., 823 F.3d 724, 734 (1st Cir. 2016) (quoting Warth v. Seldin, 422 U.S. 490, 500 (1975)). "For standing purposes, we accept as valid the merits of [plaintiff's] legal claims . . . ." Fed. Election Comm'n v. Cruz, 596 U.S. 289, 298 (2022). The "only question is, putting the merits aside, whether [plaintiff] plausibly alleges [he] was injured under [his] theory of the underlying legal claim." Laufer v. Acheson Hotels, LLC, 50 F.4th 259, 267 (1st Cir. 2022), vacated and remanded on other grounds, 601 U.S. 1 (2023).

The Federal Defendants argue that Concord Hospital lacks standing because (1) any alleged injury-in-fact is not fairly traceable to CMS's approval of New Hampshire's state Medicaid plan, and (2) it is unlikely that the court could remedy the harm. Both arguments fail.

First, with respect to traceability, the Federal Defendants argue CMS was not involved in the development or implementation of New Hampshire's DSH methodology contained in the relevant Medicaid plans. Rather, they contend that

CMS' only role is to ensure the Medicaid Act requirements, including Section (13)(A) and Section (2)(D), are met. According to the Federal Defendants, it is left to the state to determine and distribute individual DSH payments.

The problem with this argument is that Concord Hospital's APA claim is premised upon the allegation that New Hampshire's Medicaid plans violate the Medicaid Act's statutory requirements such that CMS should never have approved them. Had CMS declined to approve the plans, the plans would not have taken effect, and the Commissioner would therefore be unable to seek to disgorge the DSH payments that are at issue in this case. At the standing stage, the court must accept these contentions as true. See Fed. Election Comm'n, 596 U.S. at 298. These allegations are sufficient, for purposes of standing, to satisfy the traceability requirement.

Second, with respect to redressability, the Federal Defendants rely on their argument on the merits (i.e., that CMS's approval of the state's Medicaid plan was lawful). The problem with that argument is the inverse of the problem with traceability. That is, once again, for standing purposes, "the court accept[s] as valid the merits of [plaintiff's] legal claims . . . ." Id. Concord Hospital's allegation is that, because the state's Medicaid plan did not contain a sufficiently detailed description of the methodology for calculating and distributing DSH payments, it was unlawful under the Medicaid Act for CMS to approve it. If Concord Hospital's allegation is true (which the court must presume for purposes of standing), the court's ruling would vindicate the Hospital's claim with respect to the DSH payments, because the

state plans under which the Commissioner seeks to recoup DSH payments from Concord Hospital would be declared unlawful. For this reason, the Federal Defendants' redressability argument also fails.

As Concord Hospital has plausibly alleged Article III standing, the court moves to the motion to dismiss under Rule 12(b)(6).

II.  Count V Fails to State a Legal Claim for Relief.

An agency decision must be set aside under the APA when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In the First Circuit a 12(b)(6) motion may be appropriate and dismissal of an APA claim warranted where the "underlying premise of the complaint is legally flawed." Atieh, 727 F.3d at 76 n.4. Such a circumstance may arise where the plaintiff is unable to identify any regulatory or statutory authority the government action has not complied with. Roe v. Mayorkas, No. 22-CV-10808-ADB, 2023 WL 3466327, at *11 (D. Mass. May 12, 2023).

Concord Hospital argues that CMS's approval of New Hampshire's Medicaid state plan in effect from 2011 through 2017 was arbitrary and capricious because the plans did not include a "legally sufficient" and "clear" description of the methodology "to calculate or audit uncompensated care costs" as required by Sections (13)(A) and (2)(D) of the Medicaid Act. Doc no. 1 ¶ 88. These arguments are identical to those advanced against the Commissioner in Count I.[4]

---

[4] Count I alleged, generally, that the Commissioner violated the Medicaid Act by failing to explain with sufficient specificity how "uncompensated care costs" would

Concord's arguments with respect to the requirements of Section (13)(A) and Section (2)(D) were previously addressed and rejected in this court's order granting the Commissioner's motion to dismiss as to Count I. Concord Hospital, 743 F. Supp. 3d at 346-50. As this court explained, neither Section (13)(A) nor Section (2)(D) imposes substantive requirements on the description of the methodology a state uses to calculate DSH payments. Id. In other words, Concord Hospital's claims do not identify any provisions of the Medicaid Act that the state plans violate. Accordingly, Concord Hospital's arguments are rejected for the same reasons identified in Section III(A) of this court's order of August 5, 2024. Id.[5] Concord Hospital therefore fails to state a claim against the Federal Defendants upon which relief may be granted.

---

be calculated under New Hampshire's Medicaid plan. As noted, the court previously granted the Commissioner's motion to dismiss Count I. Concord Hospital, Inc., 743 F. Supp. 3d at 346-50. Although Concord Hospital brought Count V under the APA, the two counts share significant overlap. In Count V, the Hospital sues the Federal Defendants for approving the allegedly illegal state Medicaid plan. And the Hospital's argument in Count V—that the plan violated the Medicaid Act and therefore should not have been approved—is identical to that asserted in Count I.

[5] The Federal Defendants also argue that Count V should be dismissed because the claim is time-barred by the APA's statute of limitations. Because the court finds that Count V fails to state a claim, the court need not address the timeliness argument.

**CONCLUSION**

The Federal Defendants' motion to dismiss (doc. no. 44) is granted.

SO ORDERED.

______________________________
Landya McCafferty
United States District Judge

March 12, 2025

cc: Counsel of Record